Commonwealth *v.* Pennebaker, Appellant.

*Richard M. Mohler,* Public Defender, for appellant.

*Horace J. Culbertson,* for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant was found guilty of burglary and larceny, and sentenced to serve a term of imprisonment of not

less than three and one-half nor more than seven years. He now appeals, contending that the lower court erred in allowing the victim of the crime to make an in-court identification of him and that prejudicial error was committed because he was allowed to appear at trial clothed in a prison uniform.

The burglary occurred at the Barnett Electrical store in Milroy, Pa., on February 13, 1968. Clair C. Barnett, the owner of the store, testified that he was returning to the rear of the store between 12:00 and 12:10 A.M., when he saw a man walking out of his office carrying a radio. He observed the man walking from that office to an adjacent one, and watched his rummaging through the drawers of a desk. Finally, as he called out, the burglar froze for several seconds, and then fled. Barnett called the police and supplied them with a detailed description of the burglar, noting that the person had a distinctive right eye and a deeply dimpled chin. He also told the police that the burglar was wearing a blue sweater with a light colored shirt underneath.

Later that day, seven photographs were shown to Barnett, none of which were of appellant. Barnett made no identification on this display. On the following day, four photographs were shown to Barnett, three of which were of appellant, but taken at different times: one in 1959, one in 1960, and one in 1965. Barnett stated that the person depicted in the 1965 photograph was the person in his store on the night of the burglary. Appellant was arrested on that same day and taken to Barnett's store where Barnett stated that he was "100% sure" that appellant was the burglar.

Prior to trial, appellant moved to suppress all identifications. The lower court held a "taint hearing" during which appellant was placed in a line-up with six persons of similar physical characteristics. Bar-

nett picked out the appellant as the burglar. After the hearing, the lower court ruled that, because of the suggestive nature of the out of court procedures, those identifications must be suppressed. The lower court, however, ruled that Barnett would be allowed to make an in-court identification, finding that it was independent of any previous identification.

We believe that under the totality of the circumstances, *Commonwealth v. Williams,* 440 Pa. 400, 270 A. 2d 226 (1970), the lower court was fully justified in finding the victim's in-court identification to be independent of the suggestive identification procedures. The following circumstances lead us to this conclusion: the opportunity of the victim to observe the unmasked burglar in a brightly lit office; the absence of any discrepancy between the detailed description given by the victim to the police and the appellant's physical appearance; the short interval between the criminal incident and the first identification of appellant; and the positive and unwavering identification by the victim through direct and cross-examination. See, e.g., *Commonwealth v. Spencer,* 442 Pa. 328, 275 A. 2d 299 (1971); *Commonwealth v. Williams,* supra, (ROBERTS, J., concurring); *Commonwealth v. Hall,* 217 Pa. Superior Ct. 218, 226, 269 A. 2d 352 (1970); *United States v. Kemper,* 433 F. 2d 1153 (D.C. Cir. 1970). Furthermore, a Commonwealth witness stated that she had seen appellant immediately before the burglary and that he was wearing a blue sweater and light colored shirt, thus corroborating the description given by the victim on the night of the burglary.

Appellant's second contention is that prejudicial error, was committed in that he stood trial while clothed in prison garb. This factual contention is denied by the appellee; is nowhere mentioned in the lower court's opinion; was not raised in post-trial mo-

tions; and is not indicated in the record. We have held that it is error to allow a criminal defendant to stand trial clothed in such a manner after an objection and a request for a continuance to obtain civilian clothing has been refused. *Commonwealth v. Keeler,* 216 Pa. Superior Ct. 193, 264 A. 2d 407 (1970).

Having failed to raise this issue at trial when the trial judge could have taken corrective action, appellant cannot raise this issue for the first time on appeal. See, e.g., *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301 (1968); *Commonwealth v. Jennings,* 442 Pa. 18, 24, 274 A. 2d 767 (1971); *Commonwealth v. Sullivan,* 450 Pa. 273, 299 A. 2d 608 (1973).

Judgment of sentence affirmed.