## Commonwealth *v.* Pugh, Appellant.

Submitted September 14, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Spaeth, JJ.

*Richard P. Hunter,* for appellant.

No brief submitted for Commonwealth, appellee.

Opinion by Hoffman, J., November 16, 1973:

Appellant contends that he is entitled to a reversal of his conviction because the in-court identification by the victim was tainted by a pretrial improper identification.

The complainant, Alvin W. Williams, testified at trial that on October 31, 1971, he was walking east on Huntingdon Street in Philadelphia. He said that a car pulled up behind him and he turned around observing a red Chevrolet stopped directly in back of him. He recognized one of the passengers in the car as one Sandra Cosby, and began speaking to her. Suddenly, the girl slid down in her seat, and the driver fired shots at him. The car then pulled away. A neighbor who witnessed the incident gave the police a description of the

car, the license plate number, and the information that there were four occupants. The police picked up the appellant and brought him to the police station, where the complainant identified the appellant as the man who had done the shooting. The identification of the appellant came while the appellant was handcuffed and while he was seated alone in a room. This out-of-court identification was subsequently suppressed.

Appellant was tried before the Honorable WILLIAM A. DWYER, Jr., on February 13, 1973. The police witnesses described the circumstances of the arrest, identifying the correspondence of the color of the car, the license plate number, and the four occupants, to the description given to them by the neighbor. The complainant described the incident, and made a positive in-court identification, saying that his recognition of the appellant came from the brief view of the appellant as he prepared to shoot at him, and from his acquaintance of the appellant in the neighborhood. The three girls who were passengers in appellant's car also testified. Each said that they were in the car with the appellant. They acknowledged the incident, but stated that they did not actually see the shooting since appellant told them to "duck". At the time of the shooting, the girls said they were bent down or prone on their seats.

Appellant was thereafter adjudged guilty. Post-trial motions were denied, and this appeal followed.

Appellant contends that the trial court did not sufficiently ascertain that the in-court identification was free from the prior one-on-one confrontation with the appellant. We disagree. The testimony of the complainant establishes a prior acquaintance with the appellant. Although he only saw the appellant for "a split second", he said that he was sure that the man he observed was the appellant. Furthermore, on the basis of the testimony of the three occupants of the appellant's car, and because of the reliability and detail

of description that led to appellant's arrest, we believe there was sufficient evidence to conclude that the appellant in fact was the man who did the shooting. The trial judge's determination as to the credibility of the witnesses herein was certainly supported by competent evidence, and, as such, we are bound to the court's conclusions therefrom. *Commonwealth v. Palmer*, 448 Pa. 282, 292 A. 2d 921 (1972); *Commonwealth v. Williams*, 447 Pa. 206, 290 A. 2d 111 (1972); *Commonwealth v. Kubelius*, 209 Pa. Superior Ct. 535, 232 A. 2d 39 (1967). We are convinced that the trial court was justified in determining that the in-court identification of the appellant, supported by other evidence, was independent of any prior, suppressed identification.

Judgment of sentence is affirmed.