Commonwealth *v.* Tate, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Eugene H. Clarke, Jr.,* for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

Appellant was convicted by a jury on charges of burglary and robbery. The central issues raised on this appeal from the judgment of sentence challenge the ruling of the court below in refusing to suppress in-court identifications made by two victims of the crime and a police officer.

On the evening of December 8, 1971, three men forcibly entered the lobby of the Crawford Hotel in Philadelphia. Brandishing a shotgun, they restrained Robert Crawford, the proprietor, and three others while they searched the premises for valuables. The four victims were robbed, then bound hand and foot; and the trio departed carrying cash, jewelry, several radios, a television set, and three half-gallons of whiskey in red Christmas gift cartons.[1] The victims quickly

---

[1] Crawford and Nathaniel Williams, an employee of the hotel and one of the victims, testified that the intruders had been in the hotel for approximately 30 minutes.

untied themselves and summoned the police. Arriving promptly, the police obtained a general description of the robbers and began to search the neighborhood.

Within minutes, Officers Brennan and Smith observed two men emerging from an alley only one block from the hotel. One man was carrying a rifle and a television set, the other several red boxes. As the pair noticed the patrol car they ducked back into the alley, immediately reappeared without the packages and ran in different directions. Officer Smith pursued one of the men, Milton Smith, whom he soon apprehended. The other, Tate, dashed in front of the patrol car, and into an alley across the street. Officer Brennan gave chase, but the man escaped. Appellant was arrested 2 weeks later after Williams observed him in a bar and notified the police.

The issues in this appeal center upon the in-court identifications made by Crawford, Williams and Brennan. Appellant contends that Crawford's in-court identification should have been excluded because he failed to give the officers a detailed description of the robbers and because he failed to identify the appellant at a preliminary hearing. However, these factors affect only weight and credibility, not admissibility. Neither factor served to impermissibly taint the in-court identification. *Commonwealth v. Jennings*, 446 Pa. 294, 285 A.2d 143 (1971).

Appellant also objects to the in-court identification made by Williams. After the appellant was arrested, Williams was conducted to Tate's jail cell to make an identification. This is an impermissibly suggestive procedure which provides "a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). As such it was properly suppressed by the court below. *Foster v. California*, 394 U.S. 440 (1969); *United States v.*

*Wade,* 388 U.S. 218 (1967); *Gilbert v. California,* 388 U.S. 263 (1967). However, the court below permitted Williams to make an in-court identification because it found a sufficiently independent origin for the identification. Williams testified that the robbers were in the hotel for approximately 30 minutes, that the lobby was brightly illuminated and that he had ample opportunity to observe the men. We, therefore, find no error in the hearing judge's ruling. *See Commonwealth v. Burton,* 452 Pa. 521, 307 A.2d 279 (1973); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972); *Commonwealth v. Thomas,* 444 Pa. 436, 282 A.2d 693 (1971); *Commonwealth v. Pennebaker,* 224 Pa. Superior Ct. 512, 306 A.2d 921 (1973); *Commonwealth v. Baker,* 220 Pa. Superior Ct. 86, 283 A.2d 716 (1971).

Appellant also objects to the in-court identification of Officer Brennan. Nine months after the robbery, in the course of preparation for trial, the district attorney presented Officer Brennan with a photographic display from which the officer selected the appellant's photo. Under the rule of *Commonwealth v. Whiting,* 439 Pa. 205, 266 A.2d 738, *cert. denied,* 400 U.S. 919 (1970), the hearing judge suppressed this photographic identification because it was conducted in the absence of appellant's counsel.[2]

---

[2] Because the Commonwealth was not in a position to appeal this decision, *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304, *cert. denied,* 375 U.S. 910 (1963), we do not believe that the issue of whether *Commonwealth v. Whiting,* 439 Pa. 205, 266 A.2d 738, *cert. denied,* 400 U.S. 919 (1970), remains the law of this Commonwealth or whether the decisions in *U. S. ex rel. Reed v. Anderson,* 461 F.2d 739 (3d Cir. 1972), and *U. S. v. Ash,* 413 U.S. 300 (1973), have effectively abrogated the *Whiting* doctrine is properly before this Court. Our own Supreme Court has yet to decide this issue, *Commonwealth v. Claitt,* 454 Pa. 313, 311 A.2d 922 (1973) (see concurring opinion by Justice NIX and concurring opinion by Justice POMEROY joined in by Justice EAGEN).

The lower court permitted Officer Brennan to make an in-court identification because the identification had a sufficiently independent origin. Appellant challenges this ruling, alleging that a "fleeting glance" is insufficient to provide an independent origin. *See Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (1971); *Commonwealth v. Minifield*, 225 Pa. Superior Ct. 149, 310 A.2d 366 (1973); *Commonwealth v. Hall*, 217 Pa. Superior Ct. 218, 269 A.2d 352 (1970). We are not prepared to say that the court below erred in finding an independent origin, *see Coleman v. Alabama*, 399 U.S. 1 (1970); *Commonwealth v. Pugh*, 226 Pa. Superior Ct. 50, 311 A.2d 709 (1973), however, it is not necessary to make a determination of this issue.

Because the facts surrounding Officer Brennan's opportunity to observe the appellant were brought out at trial, the jury was fully apprised of the underpinnings of the officer's identification. Additionally, the eyewitness testimony of Crawford and Williams was both consistent and positive, and each had ample and adequate opportunity to observe the appellant. We, therefore, find that the admission of Officer Brennan's in-court identification, even if erroneous, was harmless error under the doctrine of *Chapman v. California*, 386 U.S. 18 (1967). *See Harrington v. California*, 395 U.S. 250 (1969).

We have reviewed appellant's other arguments and find them to be without merit.

Judgment affirmed.

WRIGHT, P. J., and SPAULDING, J., did not participate in the consideration or decision of this case.

———

DISSENTING OPINION BY HOFFMAN, J.:

I agree with the majority that the in-court identifications of appellant made by Robert Crawford and Nathaniel Williams were properly allowed into evi-

dence. I cannot agree, however, that Officer Brennan's in-court identification was properly admitted[1] or that its admission was harmless error.

While searching the area of the robbery, Officers Brennan and Smith drove past a small side street and

---

[1] The majority notes that the issue of whether *Commonwealth v. Whiting*, 439 Pa. 205, 266 A. 2d 738, cert. den., 400 U.S. 919 (1970) is of continuing validity in light of the United States Supreme Court's holding in *United States v. Ash*, 413 U.S. 300 (1973) is not before the court. (See note 2 of majority opinion.) However it should be noted that in *Commonwealth v. Richman*, 458 Pa. 167 (1974) the Pennsylvania Supreme Court re-affirmed the holding in *Whiting* that counsel is required at pre-indictment lineups despite a contrary holding by the United States Supreme Court in *Kirby v. Illinois*, 406 U.S. 682 (1972). Thus, it appears that our Supreme Court has taken a far more expansive view of the requirement of counsel at pretrial identification procedures. See especially the concurring opinions by Justices EAGEN, ROBERTS and POMEROY. In *Whiting*, the Court expressed its own conclusion that the considerations requiring counsel at corporal lineups are equally applicable to photographic identifications. 439 Pa. at 209. Although the Court cited a now overruled Third Circuit Court of Appeals holding that counsel is required at photographic identification procedures [*United States v. Zeiler*, 427 F. 2d 1305 (1970)], it did not rest its decision on the doctrine of *Commonwealth v. Negri*, 419 Pa. 117 (1965) that it was bound by the Third Circuit decision. The Pennsylvania Supreme Court could, of course, reaffirm its view that the right to counsel applies to photographic identifications in Pennsylvania, thus affording a greater right than the United States Supreme Court has done. See *Commonwealth v. Harris*, 429 Pa. 215, 218, n.1 (1968) ; *Cooper v. California*, 386 U.S. 58 (1967). The Court could base its decision on the Pennsylvania Constitution's provision guaranteeing the right to counsel; Pa. Const. art. I, §9; *Commonwealth v. Jackson*, 227 Pa. Superior Ct. 1 (1974) (concurring opinion by SPAETH, J.) ; or it could adopt a broader rule on the basis of its supervisory power. *Commonwealth v. Campana*, 455 Pa. 622 (1974) (addendum opinion). Although the ultimate resolution of the issue is not clear, I believe that we should not adopt the United States Supreme Court's holding in *Ash* until our Supreme Court chooses to declare it to be the law of the Commonwealth.

noticed two men in the middle of the block. As the officers drove north on the street, the men darted out of an alley. One carried a rifle and a television set; the other carried red boxes. At the sight of the patrol car, the two men went back into the alley and then reappeared without the packages. Milton Smith, appellant's co-defendant, ran in a northerly direction and was soon apprehended by Officer Smith. The other suspect ran in front of the patrol car, across the street and into an alley. Officer Brennan pursued, but was unable to apprehend the man.

*Nine months* after the incident, and after indictment, Officer Brennan was interviewed by an assistant district attorney in the course of preparation for trial. To assure himself that Officer Brennan could make a competent identification, the district attorney presented Brennan with a photographic display[2] from which the

_____

[2] Although the photographic display was preserved for use at the suppression hearing to allow a determination of the suggestiveness of the actual layout (which was found to be not suggestive), this procedure does not provide any "picture" of the occurrences at the actual layout. Thus, there is no method for guarding against the potential suggestive influences which exist apart from the physical layout. If counsel is provided at photographic identification procedures, and is satisfied that the layout is fair, retention of the display for trial would be unnecessary. Counsel would provide additional safeguards against suggestive influences not involved in the display itself (the manner of the layout, gestures, comments). Administratively requiring the photographs to be retained for trial may be a significant burden on police and prosecutors. Should records be lost, an in-court identification would be suppressed despite a perfectly fair out-of-court photographic identification. Requiring counsel at photographic identifications would not only provide greater safeguards against suggestive practices, but would obviate these administrative burdens. Although the issue has not been raised in the instant case, there is some question as to whether the photo layout preserved for trial is the same as that displayed to Officer Brennan. There is some confusion as to the number of photographs shown, and the number of duplicate photographs con-

officer picked appellant's photo. Because counsel was not present, the hearing judge suppressed this identification on the basis of *Commonwealth v. Whiting*, 439 Pa. 205, 266 A. 2d 738 (1970), but allowed the officer to make an in-court identification, finding an independent origin for it.

The most significant factor in determining whether an independent basis exists is the opportunity of the witness to observe the defendant at the time of the incident. See, e.g., *Commonwealth v. Spencer*, 442 Pa. 328, 275 A. 2d 299 (1971); *Commonwealth v. Wilson*, 450 Pa. 296, 301 A. 2d 823 (1973). Officer Brennan had, at best, a fleeting glance of the suspect as he ran in front of the patrol car on a dark street. Officer Brennan's partner had the same view of the suspect but was unable to make an identification. There are no other indicia of "independent origin" present in the instant case. Officer Brennan gave no description of the suspect: cf. *Commonwealth v. Minifield*, 225 Pa. Superior Ct. 149, 310 A. 2d 366 (1973); the officer had no prior contact with the appellant: cf. *Commonwealth v. Pugh*, 226 Pa. Superior Ct. 50, 311 A. 2d 709 (1973), and, there was a significant lapse of time (9 months) between the incident and the photographic identification. *Commonwealth v. Hall*, 217 Pa. Superior Ct. 218, 226, 269 A. 2d 352 (1970). There is simply no objective evidence in this record to support a finding that the in-court identification had a basis independent of the photographic identification. I believe it was error for the court to allow this identification.

Nor can I conclude that the admission of this identification into evidence was harmless error. Before an error may be declared harmless, "the Commonwealth

tained in the layout. The majority does not reach the issue as to whether this satisfies the requirement of *Commonwealth v. Jackson*, 227 Pa. Superior Ct. 1 (1974) that the actual display be retained for trial as a matter of due process of law.

must now demonstrate, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of might have contributed to the conviction." *Commonwealth v. Pearson,* 427 Pa. 45, 49, 233 A. 2d 552 (1967); *Commonwealth v. Johnson,* 227 Pa. Superior Ct. 96, 102, 323 A. 2d 813 (1974). The fact that there is sufficient evidence to support a conviction apart from the erroneously admitted evidence does not satisfy the harmless error test. *Commonwealth v. Pearson,* supra.

Clearly, the identification made by Williams and Crawford are sufficient to support the conviction. Crawford's identification, however, was weakened by a previous failure to identify appellant at a preliminary hearing. Williams' motives for incriminating appellant were challenged by defense witnesses who stated that Williams and Crawford harbored personal grudges against the appellant. There is a "reasonable possibility" that Officer Brennan's identification served to strengthen the other witnesses' identification, and that the corroboration supplied thereby contributed to the jury's verdict. I would, therefore, conclude that the Commonwealth has not shown that the admission of the identification was harmless error.

The judgment of sentence should be reversed and appellant granted a new trial.

---

DISSENTING OPINION BY SPAETH, J.:

I continue to adhere to the views expressed in my concurring opinion in *Commonwealth v. Jackson,* 227 Pa. Superior Ct. 1, 12, 323 A. 2d 799, 805 (1974), as to the continued validity of the rule expressed in *Commonwealth v. Whiting,* 439 Pa. 205, 266 A. 2d 738, *cert. denied,* 400 U.S. 919 (1970). In all other respects I join in the dissent of Judge HOFFMAN.