416 A.2d 552

**COMMONWEALTH of Pennsylvania**

v.

**Arnold ERBY, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed Dec. 7, 1979.

Robert S. Robbins, Philadelphia, for appellant.

Lee M. Kaplan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

CATANIA, Judge:

Arnold Erby was convicted of robbery and possessing an instrument of crime generally. This was a conviction before a judge sitting without a jury in Philadelphia County. The trial judge sentenced Mr. Erby to three to ten years on the robbery conviction and two and a half to five years on the bill charging possession of an instrument of crime. The defendant has raised three issues on appeal, namely:

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Defendant believes that his motion raising Rule 1100 should have been granted; and,

2. Defendant believes that the sentence imposed by the Court is illegal as he contends that there is no explanation on the record below setting forth the reasons of the trial judge for his sentence; and,

3. The defendant believes that the findings of the trier of fact were against the weight of the evidence.

As to the Rule 1100 issue, the defendant asserts that he was tried 198 days after an arrest warrant was issued. The defendant points out that the warrant was issued on February 25, 1978 and the trial was held on September 12, 1978. The defendant further points out that he was arrested on March 11, 1978. The defendant frames the crucial issue involved as being whether or not the time period between February 25, 1978 and March 11, 1978 was excludable time due to the unavailability of the defendant. The lower court made a finding that the Commonwealth exercised due diligence in attempting to serve the warrant during that period between February 25th and March 11th, 1978. The matter was pled and therefore preserved below, there having been a hearing concerning the Rule 1100 issue on September 7, 1978.

The evidence in the trial below indicates that on January 30, 1978, the defendant grabbed the complainant, Darrell Strayhorn, who was delivering pizza for his employer, Baltimore Pizza, when he was accosted next to his car and dragged across the street and robbed at gunpoint. On February 25, 1978, the complainant advised the police that he recognized the man who had robbed him on January 30, 1978 and directed the police to the residence of the defendant. The police immediately went to that residence on February 25, 1978 and were unsuccessful in locating the defendant at his residence. The police officer testified that the people at that house only knew the man by the name of "apple". The police then obtained an arrest warrant for the defendant and attempted to serve it at the address given to them by the complainant two times within the following

week. Both times they were unsuccessful. After that, photographs of the defendant were given to police officers in that area and the defendant was arrested on March 11, 1978. The defendant claims that the police did not exercise due diligence in serving that warrant during the fifteen day period, as aforesaid, and therefore he was prejudiced and should be released because of this alleged Rule 1100 violation.

Delay due to the unavailability of the accused as defined in Rule 1100(d)(1) is a proper basis for an extension under Rule 1100(c) *Commonwealth v. Hertas*, 261 Pa.Super. 257, 262, 396 A.2d 386, 389 (1978). In order for an accused to be considered as having been "unavailable" between the issuance of the complaint against him and his arrest, the Commonwealth must show by preponderance of the evidence that it acted with due diligence in locating and apprehending him. *Commonwealth v. Mitchell*, 472 Pa. 553, 566, 372 A.2d 826, 832 (1977). In *Commonwealth v. Mitchell*, the Court stated:

> "it is not the function of our Courts to second guess the methods used by the police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they acted with diligence in trying to locate the accused."

This Court believes that the police exercised due diligence by going to the residence of the defendant three times in the first week after they were notified of that place of residence. This Court also believes the police acted properly by then issuing pictures of the defendant to the police officers in that area who arrested him within the second week after they were notified of his address. This is not to say that we are setting down specific guidelines for how the police should act or what methods they should use. We are, however, stating that in this case, the police did use sufficient and considerable methods in locating the defendant and therefore they acted with due diligence in attempting to locate the accused. This is further justified by the fact that they did locate the accused within fifteen days. Therefore, this argument of the defendant is denied.

The defendant in his second argument claims that there is no explanation on the record setting forth the reasons of the trial judge for his sentence. In his brief, he points out that since *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) it has become the philosophy of our Courts that it is infinitely better for the defendant and society that a trial judge place on the record a statement detailing the reasons for selecting the particular sentence imposed. The defendant states in his brief that his search of the record and the transcripts contained therein do not reveal that there is any statement by the trial court indicating its reasons for imposing a substantial jail sentence in this case. He states, however, that is not clear on the record and the defendant does not know the reasons for his sentence. He believes that at the very least he is entitled to have his case remanded to the trial court for compliance with the standards laid down in the *Riggins* Case and that he be resentenced.

The District Attorney did not file a formal brief in this matter but he did send two letters to the Court outlining his position. One of these letters, dated June 18, 1979, includes as an appendix a copy of the transcript before Judge Cain of the argument of the post trial motions and the sentencings. It is noted that counsel on the appeal is not the same attorney who represented the defendant in the lower court. It is clear from a reading of the letter from the district attorney and the appended transcript that the trial court did state its reasons on the record for its sentence. The trial court pointed out that this case involved robbery at the point of a gun and that the defendant had eight arrests as an adult, four convictions, three commitments and is currently in violation of parole. The trial court pointed out that the defendant's previous convictions were for robbery, assault and battery, resisting arrest, aggravated robbery, burglary and receiving stolen goods. The Court noted that the prognosis of the defendant appears to be very poor, that probation has been tried, that county sentences and state sentences have been tried, all to no avail. The district attorney

pointed out at the sentencing that the citizens of Philadelphia deserve protection from that sort of behavior. This Court agrees. Therefore, this argument of the defendant is also rejected.

Finally, the defendant believes that the finding of the trier of fact were against the weight of the evidence. There were only two witnesses who testified at the trial in the lower court. One of those was the defendant, the other was the complainant, Darrell Strayhorn. Darrell Strayhorn testified that he had about a minute in which to observe the defendant from the time he was grabbed around the neck and dragged across the street, robbed and released. The complainant further testified that a few days after the January 30th incident, he picked up the defendant at a grocery store while apparently operating an illegal taxi and drove the defendant to his home. While driving the defendant to his home, the defendant indicated that he recognized the complainant as working for Baltimore Pizza and it was at that time that the complainant realized that this is the man who had robbed him. Mr. Strayhorn further testified that shortly after the arrest of the defendant, he encountered the defendant in a bar. The complainant testified that defendant offered to return the articles of clothing and the keys which were stolen from the complainant or to pay for them and to return the stolen money. The trial court in its opinion noted that Mr. Strayhorn had a good opportunity to observe the defendant because of his close proximity to the defendant before and after he took the money. The trial court noted that the complainant's identification was not weakened by prior failure to identify or prior incompetent identification but remained positive and unqualified, even after cross-examination by defense counsel. Cf. *Commonwealth v. Pennebaker*, 224 Pa.Super. 512, 306 A.2d 921 (1973). The trial court further noted that it was its view that the testimony of the defendant was not worthy of belief. The lower court had the opportunity, as we did not, to observe both the complainant and the defendant. There is no reason pointed out to this Court to convince us to

reverse the lower court's determination of credibility. Therefore, we will affirm the lower court's finding in this regard.

Judgment of sentence affirmed.