430 A.2d 998

**COMMONWEALTH of Pennsylvania**

v.

**Joseph GRATKOWSKI, a/k/a Joseph Anthony, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed June 5, 1981.

---

494

Marilyn C. Fisher, Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

A criminal complaint was filed against appellant on January 8, 1976, charging him with theft by deception.[1] Appellant was not arrested until September 10, 1976, at which time he was found in Erie County. A preliminary hearing was scheduled for September 16, 1976 but was continued at the request of the Commonwealth. A preliminary hearing was held on September 28, 1976, after which appellant was held for trial. On November 15, 1976 appellant pleaded guilty and was sentenced to a term of two to five years incarceration.

On July 3, 1977, appellant filed a Post Conviction Hearing Act petition alleging: ineffective assistance of trial counsel; an unlawfully induced guilty plea; and several other complaints. An evidentiary hearing was scheduled. Prior to

1. 18 Pa.C.S. § 3922.

the hearing the parties agreed that the only issues before the court were: whether trial counsel was ineffective for failing to file a motion to dismiss the indictment based on a violation of Rule 1100, Pa.R.Crim.P. which requires a defendant be brought to trial within 180 days of the filing of the complaint; and whether trial counsel was ineffective for failing to petition for a reconsideration of the sentence. The court, after taking testimony, entered an order on March 6, 1978, dismissing appellant's petition. On March 30, 1978, appellant filed a notice of appeal from the above order. On May 10, 1978, the lower court pursuant to Rule 1925, Pa.R. App.P. ordered appellant to file a concise statement of the matters complained of on appeal. Such statement of issues was filed on October 15, 1979. The court, on October 22, 1979, filed its statement for denying the P.C.H.A. petition. Appellant in the interval had filed a second P.C.H.A. petition on July 13, 1978; this petition was dismissed without a hearing on July 31, 1978.

Appellant's contentions on this appeal are that counsel was ineffective in four respects:

1) she failed to petition to quash the indictment for violations of Rule 1100;

2) counsel failed to complain of the delay in the preliminary hearing;

3) counsel failed to object to the appellant's guilty plea;

4) she failed to petition for reconsideration of the sentence imposed by the court; and

finally, that the court erred in sentencing appellant without stating its reasons therefor.

■ Except for the Rule 1100 claim, and the petition for reconsideration, appellant has waived all other claims. At the beginning of the P.C.H.A. hearing the following exchange took place.

[COMMONWEALTH] Mr. Gratkowski in his petition has alleged various matters. The District Attorney's Office in talking with the defendant and his counsel, Your Honor, I believe have agreed to limit the hearing to two matters,

based on incompetent counsel; that is, failure to file a post sentence petition and failure to file a one hundred and eighty day motion; is that correct?

[APPELLANT'S ATTORNEY] That's correct.

[BY THE COURT] All right.

(N.T.P.C.H.A. p. 2)

Appellant on this appeal is represented by different counsel than he had on his P.C.H.A. petition. There is no claim here that P.C.H.A. counsel was ineffective in so limiting the P.C.H.A. hearing. Accordingly appellant has failed to preserve for review the other issues.

Appellant's challenge based on Rule 1100 consists of two tiers. First the Commonwealth failed to exercise due diligence in bringing appellant to trial within 180 days; and second counsel knowing of the lack of diligence failed to take appropriate action.

Appellant directs us to a number of facts which he claims show a lack of diligence. Appellant claims to have been working and living in Erie County during most of the period between the filing of the complaint and his arrest. The Commonwealth could have traced him through the Department of Motor Vehicles, the Bureau of Employment Security, the Restaurant Association,[2] his bank account in an Erie bank or through his relatives. In spite of these omissions by the Commonwealth, counsel did not challenge the elapse of 246 days between the complaint and trial.

The Commonwealth argues that it did exercise due diligence. Appellant's last known address had been vacated by him some three months prior to the filing of the complaint.[3] Appellant did not leave a forwarding address. Appellant admittedly was in North Dakota for most of the time between leaving his last known address and the filing of the complaint. When he returned to Erie he commenced living

2. Appellant had been employed in a managerial position in restaurant-type businesses.

3. Throughout the P.C.H.A. hearing appellant kept referring to his "mailing address" which happened to be listed in the name of the person(s) he was staying with at the time.

with his sister and later lived with friends. The police attempted, to no avail, to locate appellant at his last known address. The police also frequently, throughout the period in question, inquired about appellant at the restaurant where he was last known to be employed. The manager believed appellant went out "west". While appellant claims the manager there knew his sister, the manager never mentioned the relationship to the police. Appellant had changed his name a number of years earlier so it was impossible to track the appellant through his family. A number of police officers, several who knew appellant by sight, continued to keep a look out for appellant. The local police contacted several other police agencies who might have contact with or know the whereabouts of appellant. The local police checked with the sheriff's office who had an outstanding bench warrant for appellant in another case.

According to trial counsel's testimony at the P.C.H.A. hearing, appellant had told her that while he was living with his sister or friends he worked mostly outside of the county during the period in question. Counsel believed appellant was unavailable for most of this period.

■ The Commonwealth must prove by a preponderance of the evidence that it proceeded with due diligence in attempting to locate and apprehend the appellant. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Erby*, 272 Pa.Super. 469, 416 A.2d 552 (1979); and *Commonwealth v. Brinton*, 275 Pa.Super. 304, 418 A.2d 734 (1980).

It is not the function of our courts to second-guess the methods used by police to locate accused persons. The analysis to be employed is whether, considering the information available to the police, they have acted with diligence in attempting to locate the accused. Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful. 472 Pa. at 566, 372 A.2d at 832; quoted in *Brinton, supra; Erby, supra*; and *Commonwealth v. Hinton*, 269 Pa.Super. 43, 409 A.2d 54 (1979).

■ Appellant has referred us to a number of ways the Commonwealth may have been able to determine his whereabouts. However, "[t]he Commonwealth is not required to exhaust every conceived method of locating a defendant. The standard of due diligence demands only that reasonable efforts be undertaken." 275 Pa.Super. 309, 418 A.2d at 736. Here we believe the Commonwealth did exert reasonable efforts to locate the appellant. Under the circumstances and the information then available to the Commonwealth, it did proceed with due diligence. Appellant's claim that he should be discharged is without merit.

■ "Counsel does not have to raise every possible objection available at trial and he is not ineffective where he does not raise issues at trial that are without merit." *Commonwealth v. Burch*, 248 Pa.Super. 8, 374 A.2d 1291 (1977). See also, *Commonwealth v. Betts*, 234 Pa.Super. 642, 341 A.2d 912 (1975). Accordingly in this case, trial counsel cannot be deemed ineffective for not raising a speedy trial claim.

The final contention that appellant has preserved and that he argues here is the failure of the trial judge to state for the record his reason for imposing the sentence that he did. If appellant's claim is valid then we must remand for resentencing. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); and *Commonwealth v. Wertz*, 252 Pa.Super. 584, 384 A.2d 933 (1978).

■ Our review of the record supports appellant's claim. The only explanation possibly given by the judge was that appellant had lied to the probation office concerning his prior record. (N.T. 2/4/77 p.5). This is insufficient. Appellant must be resentenced in accordance with the mandates of Rule 1405(b), Pa.R.Crim.P.

The order of the lower court denying appellant relief under the Post Conviction Hearing Act is affirmed, except for that part which relates to the sentencing. The sentence is vacated and the case is remanded for resentencing.

CAVANAUGH, J., files a concurring statement.

CAVANAUGH, Judge, concurring statement:

I agree with the majority that this case must be remanded for sentencing. However, I would remand for resentencing under the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1 et seq., 18 Pa. C.S.A. § 1301 et seq. so that the court below will give due consideration to the applicable provisions of that Act. *See Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894 (1980); *Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978).