466 A.2d 227

**COMMONWEALTH of Pennsylvania**

v.

**Charles WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 5, 1983.

Filed Sept. 30, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends his speedy trial rights under Pa.R. Crim.P. 1100 were violated. We agree and, accordingly, reverse the judgment of sentence.

On November 11, 1977 the criminal complaint was filed. On December 5, 1977 appellant did not appear for a preliminary hearing and a bench warrant was issued. On March 29, 1979, 479 days later, appellant was apprehended. Failure to bring appellant down from prison forced continuances of trials listed for May 15, May 24, and July 11, 1979. The Commonwealth petitioned for an extension of time on July 17, 1979, and the court held a hearing on August 16, 1979 granting an extension and listing trial for September 10, 1979. After subsequent delays, appellant was convicted following a nonjury trial on June 6, 1980. Post-trial motions were denied and this appeal followed.

Appellant contends the lower court erred at the August 16, 1979 hearing by granting an extension beyond the time justified by the Commonwealth's evidence at the hearing.*

---

* Appellant's present counsel specifically raised the issue of the August 16, 1979 hearing in post-trial motions. Approximately seven months after the denial of those motions, however, appellant's prior counsel filed a statement of matters complained of on appeal that omitted mention of this hearing. See Pa.R.A.P. 1925. Thus, the lower court did not address the propriety of the August 16, 1979 hearing in its opinion. The record reveals no request to appellant's present counsel for a statement of matters complained of on appeal. Nor does it reveal any entry of appearance or other basis for prior counsel's filing

We agree. Rule 1100 requires that trial commence within 180 days of the filing of the criminal complaint. However, "[i]n determining the period for commencement of trial, there shall be excluded therefrom ... such period of delay at any stage of proceedings as results from ... the unavailability of the defendant ...." Pa.R.Crim.P. 1100(d)(3)(ii); *Commonwealth v. Gratkowski*, 287 Pa.Superior Ct. 492, 430 A.2d 998 (1981). Thus, after excluding from the Rule 1100 period the 479 days during which appellant was unavailable, the Commonwealth was required to bring appellant to trial by September 1, 1979. Its petition for extension of July 17, 1979 was thus timely filed. However, at the hearing on that petition the Commonwealth failed to justify any extension beyond September 1, 1979. To justify an extension beyond the Rule 1100 period the Commonwealth must show on the record either that despite due diligence it is unable to bring the defendant to trial within the prescribed period, or that unavoidable court delay prevents trial within the period. Pa.R.Crim.P. 1100(c); *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). Nothing in the record of the cursory August 16, 1979 hearing indicates that the Commonwealth could not commence trial before September 1, and nothing suggests that there was a lack of court dates before then. Because the Commonwealth failed to meet its burden to justify an extension, and because appellant was tried beyond the allowable period, we must reverse the judgment of sentence.

Reversed and appellant discharged.

such a statement. We cannot hold this issue waived because of prior counsel's fortuitous intervention, because appellant and his appellate counsel have taken all steps necessary to preserve it.