417 A.2d 740

**COMMONWEALTH of Pennsylvania**

v.

**Keith ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1979.

Filed Dec. 28, 1979.

---

Robert Scandone, Philadelphia, for appellant.

Brian Rosenthal, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On June 10, 1977, a jury convicted appellant of murder of the first degree, robbery, weapons offenses and conspiracy. After denying post-verdict motions, the trial court imposed sentences of life imprisonment for murder, consecutive terms of imprisonment of 10 to 20 years for robbery and 2½ to 5 years for possession of an instrument of crime, and 10 years probation on the conspiracy charge. Appellant contends that (1) systematic exclusion of veniremen opposed to the death penalty denied him his right to trial by a jury of his peers; (2) the prosecutor in summation improperly commented on his silence at time of arrest; (3) the trial court erred in allowing admission of rebuttal evidence that did not contradict his testimony; and (4) the trial court erred in failing to grant a suppression hearing at trial concerning a witness' identification of appellant. We affirm.

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

On January 5, 1977, two men entered the clothing store of the victim. One demanded that the victim "give us everything you have." The speaker carried a silver revolver. The speaker then shot the victim several times, causing his death. The victim's brother, Myer Cohen, was also in the store and saw the shooting. Appellant, his brother, Tyrone, and a third man, William Allen, were charged with the crime. Allen testified that he remained outside as a lookout while appellant and Tyrone entered the store and that appellant was carrying a silver pistol. Appellant testified that Tyrone was not involved in the incident, that he and Allen entered the store and that Allen fired the fatal shots. Appellant himself was wounded in the head during the shooting.

Appellant contends that systematic exclusion of veniremen opposed to the death penalty denied him a fair trial. Because appellant did not receive a capital sentence, we need not determine whether veniremen were improperly excluded because of their opposition to capital punishment. See *Commonwealth v. Dukes*, 460 Pa. 180, 331 A.2d 478 (1975).

Appellant argues that the prosecutor improperly commented on his silence at time of arrest. Commonwealth evidence established that three officers, one on foot and two in a car, chased appellant from the scene of the shooting before apprehending him several blocks away. Appellant testified that he was not chased and did not know that the police wanted him until his arrest. During summation, the prosecutor stated:

"No one could have mistaken the fact in broad daylight on January 5, at 1:45 in the afternoon. You would have known if a police officer was behind you chasing you down the street. You would know when he yelled at you, 'Halt. Police!' and you kept running. You would know when you heard patrol cars coming up, when you see other officers chasing you. You would not mistake the fact you are being chased, and, Keith Robinson could not have mistaken the fact that he was being chased. *But he did*

*not stop and he did not say, 'Hey, I wasn't involved in this robbery. I got shot myself. I was an innocent dude. I'm not Keith Robinson. It was some other guy, you see, the guy who pulled the robbery. I didn't do that.' "* (emphasis added).

Appellant objected to this comment and requested a mistrial. The court denied the request.

It is impermissible for the Commonwealth to argue that an accused's silence at time of arrest indicates his guilt. *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972). The prosecutor's comments, however, referred only to appellant's conduct before his arrest. The prosecutor, disputing appellant's testimony, argued that appellant had fled and, while fleeing, had not proclaimed his innocence. Appellant had no constitutional right to remain silent during his flight and his conduct, indicating guilt, could properly form the basis of the prosecutor's summation. See *Commonwealth v. Easley*, 483 Pa. 337, 396 A.2d 1198 (1979); *Commonwealth v. Collins*, 440 Pa. 368, 269 A.2d 882 (1970). The prosecutor certainly could have argued that appellant's flight indicated guilt. See *Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026 (1978); *Commonwealth v. Collins*, supra. Informing the jury that, while seeking to avoid capture, appellant did not declare his innocence, was no more prejudicial than argument that appellant tacitly admitted guilt by fleeing pursuit. Moreover, any harm from the prosecutor's comments might have been dispelled by curative instructions, see *Commonwealth v. Maloney*, 469 Pa. 342, 365 A.2d 1237 (1976) (plurality opinion) (dictum), but appellant did not request one. See *Commonwealth v. Quartman*, 253 Pa.Super. 460, 385 A.2d 429 (1978).

Appellant asserts that the trial court erred in allowing admission of rebuttal evidence. To rebut appellant's testimony that his brother Tyrone was not involved, the Commonwealth presented Barbara Hill, who testified that, on the day of the shooting, Tyrone gave her a Waltham wristwatch and an army jacket and instructed her to dispose of the items. Earlier, Cohen had testified that one of the

assailants had robbed him of a Waltham wristwatch and that both of them had worn army jackets. Hill's testimony contradicted appellant's version of the incident and, consequently, was properly admitted. See *Commonwealth v. Mangini*, 478 Pa. 147, 161, 386 A.2d 482, 489 (1978).

Finally, appellant argues that the trial court erred in denying a motion to suppress he made orally at trial. Before Cohen testified, appellant moved to suppress Cohen's testimony identifying him as the one who shot the victim. Appellant contended that, previously, Cohen had indicated that the killer was appellant's companion and that, because he had not expected Cohen to identify him as the killer, he had not filed a motion to suppress this evidence. The Commonwealth replied that Cohen had identified appellant at the preliminary hearing, thus putting appellant on notice of the identification testimony. Further, in post-verdict proceedings, the Commonwealth, without contradiction, asserted that it had informed appellant a week before trial that Cohen would identify him at trial as the killer. The trial court denied the motion but permitted appellant, on cross-examination, to probe for any taint in the identification. On cross-examination, appellant established that Cohen had learned at some time that the silver revolver had been found in appellant's possession, but Cohen denied that he was aware of this fact before he identified appellant as the killer.

We need not determine whether appellant should have known before trial that Cohen would make an identification at trial or whether the trial court erred in denying his oral motion to suppress at trial under Pa.R.Crim.P. 323(b). The trial court permitted appellant full opportunity to explore the origins of Cohen's identification. Appellant engaged in a comprehensive cross-examination that failed to reveal any taint. Thus, the trial court's denial of his motion did not cause him any prejudice. See *Commonwealth v. Holland*, supra.

Judgments of sentence affirmed.