412 A.2d 489

**COMMONWEALTH of Pennsylvania**

v.

**Benjamin VELASQUEZ, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1980.

Decided March 20, 1980.

Joel S. Moldovsky, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Virginia Kerr, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellant was convicted of murder of the first degree, robbery and burglary on January 13, 1975 after trial by jury. Post-verdict motions were denied and appellant was sentenced to life imprisonment under the murder bill and to consecutive terms of ten to twenty years for the robbery and burglary charges. The judgments of sentence were affirmed on direct appeal by this Court. *Commonwealth v. Velasquez*, 473 Pa. 16, 373 A.2d 455 (1977). Subsequently, appellant initiated a post-conviction proceeding from which this appeal is taken.

■ All of the substantive issues attempted to be raised by appellant in this collateral attack are barred by the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 3(d), 4(b) & (c); 19 P.S. § 1180–3(d), 1180–4(b) & (c) (Supp.1978–79). *See Commonwealth v. Bennett*, 472 Pa. 314, 372 A.2d 713 (1977). Additionally, appellant raises numerous claims of ineffective assistance of counsel at trial and on direct appeal. We have considered these claims and found them to be without merit.

■ Lastly, appellant seeks as alternative relief a remand to the lower court for the filing and disposition of post-verdict motions. The basis offered for this request is the alleged failure of the trial judge to properly advise appellant under Pa.R.C.P. 1123(c). The issues that appellant urges were foreclosed during the original direct appeal, as a result of this alleged failure to properly explain Rule 1123(c), are the same issues raised in this collateral attack under the

rubric of ineffective assistance. Since we have determined that these issues were not of arguable merit, *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979), appellant has not in any way been prejudiced by the fact that he was unable to pursue them on direct appeal. Thus, no purpose would be served by remanding the cause at this time.

Order affirmed.

KAUFFMAN, J., did not participate in the consideration or decision of this case.

EAGEN, C. J., concurred in the result.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

The majority summarily dismisses all of appellant Benjamin Valesquez's claims of ineffective assistance. I cannot agree, however, that they all lack merit. Appellant claims that identification evidence introduced at trial should have been suppressed as the tainted product of a suggestive pre-arrest photo display. Appellant further claims that counsel was ineffective in failing to pursue this suppression claim in post verdict motions and on appeal. I agree, however, and therefore dissent from the majority opinion.

In *Simmons v. United States,* 390 U.S. 377, 383, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), the Supreme Court "recognized that improper employment of photographs by police may sometimes cause witnesses to err in identifying criminals." The danger of misidentification is introduced when police show the witness

"the pictures of several persons among which the photograph of a single such individual . . . is in same way emphasized. . . . [T]he witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification."

Id., 390 U.S. at 383–84, 88 S.Ct. at 971 (footnotes omitted). To ensure the trustworthiness of subsequent identifications, the Commonwealth has the burden of proving by clear and

248

convincing evidence that, despite the suggestive factors in the photo identification, the subsequent identifications have an independent source. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In the instant case, the police showed two Commonwealth witnesses, one of whom was twelve years old, "mug shots" of eight or nine males. The photograph of appellant depicted him bare-skinned, exposing a livid scar across his chest. The other eight photographs depicted men fully clothed. On the basis of this record, I must conclude that the Commonwealth failed to satisfactorily prove that the identification evidence was independent of the suggestive photo display.

Counsel's failure to challenge the suppression court's rejection of the claim of tainted identification evidence "must be justified by some reasonable basis intended to inure to the client's benefit." Commonwealth v. Yocham, 473 Pa. 445, 451, 375 A.2d 325, 328 (1977). If not, counsel's abandonment of the claim post-trial constitutes ineffective assistance. In light of my conclusion that the suppression court erred in denying appellant's motion, there can be no reasonable basis for counsel's failure to pursue that claim.

Accordingly, I would vacate judgment of sentence and remand for a new trial.