437 A.2d 945

**COMMONWEALTH of Pennsylvania,**

v.

**Tyrone ROBINSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 23, 1981.

Decided Dec. 17, 1981.

Thomas F. Reilly, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Nancy Wasser, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Tyrone Robinson has been convicted of murder of the first degree, robbery, conspiracy, and possession of an instrument of crime (generally) for his involvement in an armed robbery and shooting death. On these appeals, he seeks a new trial on the basis of a number of claimed trial errors, as well as the alleged ineffectiveness of trial counsel. We reject his claims of error and affirm.

The victim of the shooting, Herbert Cohen, was an owner of a clothing store in Philadelphia. On the afternoon of January 5, 1977, two men entered the store while a third waited outside. After purporting to be interested in clothing, the two demanded money at gunpoint. One of the two suddenly shot the victim. The other then assaulted and took valuables from Meyer Cohen, the victim's brother and co-owner of the store.

Appellant was arrested one week later, as was his brother Keith Robinson. At a jury trial, Meyer Cohen identified appellant as the man who had assaulted him and taken valuables. Another Commonwealth witness, William Allen, testified that he had been the man who waited outside the clothing store while appellant and appellant's brother committed the offenses. After returning its verdicts of guilty, the jury returned the penalty of death for the murder.[1]

While post-verdict motions were pending, appellant obtained new counsel who filed supplemental motions alleging that trial counsel was ineffective. After evidentiary hearings on the ineffectiveness claims and argument on the post-verdict motions, the court upheld the verdicts. It did, however, set aside the sentence of death, see *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977), cert. denied, 438

---

1. Appellant's brother Keith Robinson was separately convicted for his involvement, and judgment of sentence of life imprisonment was affirmed. 273 Pa.Super. 462, 417 A.2d 740 (1979).

U.S. 914, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978), and impose a sentence of life imprisonment for the murder.[2]

Appellant's first claim of trial error relates to his effort to cross-examine eyewitness Meyer Cohen by way of Cohen's testimony at the preliminary hearing for appellant's brother. Appellant claims that he was refused permission to have the Clerk of Quarter Sessions authenticate the notes of testimony of his brother's preliminary hearing, and that this refusal caused his cross-examination of Cohen to be "unnecessarily confusing and unclear."[3] However, the record indicates that, at the time of cross-examination, appellant already had a copy of the notes of Cohen's previous testimony. Once the court advised appellant that he was not obliged to establish the authenticity of the notes, appellant was able to proceed on the basis of his own copy, without limitation by the court. Because the record refutes appellant's claim, he cannot prevail.

Appellant's second claim of trial error is a challenge to the court's refusal to grant a continuance to allow his trial counsel to interview appellant's brother. The request came on June 23, 1977, the fourth day of trial, just as the Commonwealth was about to present its final witness. Counsel had every reasonable opportunity to speak with appellant's brother in the several months preceding trial. Indeed, trial counsel had successfully arranged to have appellant's brother transported from prison to City Hall on the day before the continuance was requested. Moreover, the court in no respect foreclosed counsel from speaking with appellant's brother in the periods between the request for the continuance and the close of evidence. Thus we are satisfied that the court properly denied appellant's request. See *Commonwealth v. Howard*, 466 Pa. 445, 353 A.2d 438 (1976).

2. The court imposed consecutive terms of ten to twenty years' imprisonment for the robbery, two and one-half to five years for the weapons offense, and one to ten years for the conspiracy.

3. Brief for Appellant at 8.

■ Appellant's third claim of trial error relates to the testimony of a police detective that, at the preliminary hearing for appellant's brother, Meyer Cohen was not asked to identify the person who had shot the victim. On cross-examination, the detective stated that he knew that Meyer Cohen had not been so questioned because he had read the notes of testimony. Appellant claims that the detective's reference to the notes of testimony constituted prejudicial hearsay. The court denied counsel's request for a mistrial on the ground that the matter was elicited by appellant on cross-examination. Counsel accepted the court's ruling and immediately thereafter resumed the same line of questioning, receiving the same response from the detective. Appellant cannot now complain.

■ In his fourth claim of trial error, appellant contends that he was entitled to an instruction that the testimony of two Commonwealth witnesses had come from a "polluted source." Although appellant visited both witnesses shortly after the criminal episode, neither witness had any role in either the planning or the commission of the offenses. We are satisfied that the record supports the determination of the trial court that there was no factual basis for the instruction, and thus the instruction was properly denied. See *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969).

■ Appellant's fifth claim of trial error is an assertion that prosecutorial misconduct occurred during closing argument. The challenged statements are (1) that appellant and his brother were "more or less casing" the clothing store before commission of the offense, (2) that the third participant, William Allen, "had to be moved from the other two defendants for his own protection," (3) that appellant "had just been a part of a murder," and (4) that appellant eventually surrendered only "after he had gotten his story down pat."[4] Our review of the record convinces us that all

---

4. A fifth statement is challenged in which the prosecutor made reference to appellant's alleged use of a .25 caliber weapon. Appellant, however, did not object to this statement at trial, and hence this

of the statements were fair summaries of the Commonwealth's evidence. Appellant, therefore, cannot prevail. See *Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973).

■ In his sixth claim of trial error, appellant renews his objection to the inclusion of the words "victim, Herbert Cohen" on the verdict slip which the court sent out with the jury. The included words were neutral and, in view of the court's charge, cannot have affected the jury's deliberations. See *Commonwealth v. Kelly,* 484 Pa. 527, 399 A.2d 1061, cert. denied, 444 U.S. 947, 100 S.Ct. 417, 62 L.Ed.2d 317 (1979). Thus appellant cannot prevail on this claim.

In his seventh and final claim of trial error, appellant asserts that the court placed "undue emphasis" on the definition of murder of the first degree in its charge to the jury. Contrary to appellant's assertion, the court's charge was fair, complete, and proper. Indeed, the court's sole allusion to the facts of this case in its charge was a reference to Commonwealth evidence indicating that the "killing was caused by a gun." The record does not bear out appellant's contention.

■ Appellant concludes his effort to obtain a new trial by asserting that trial counsel was ineffective in five respects: (1) failing to call alibi witnesses; (2) failing to file a motion to suppress the identification testimony of Meyer Cohen and Howard Sparkman (a customer of the clothing store who testified that he had encountered appellant outside the store shortly after the commission of the offenses); (3) failing to object to the court's charge on murder of the second degree; (4) failing properly to prepare for the sentencing stage of the jury's deliberations; and (5) failing to request the transcription of the notes of testimony on voir dire. Appellant's first contention cannot prevail because the claimed existence of alibi witnesses was not borne out by appellant's evidence presented at the post-verdict evidentia-

challenge is not preserved. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

ry hearings. His second contention fails for want of evidence that would cast doubt on the integrity of either witness's identification testimony. His third contention is without merit as the court's charge on murder of the second degree was entirely proper. His fourth contention cannot succeed because appellant already has received a sentence of life imprisonment, the most relief that he could obtain if his contention were meritorious. His fifth contention also is without merit because the notes of voir dire have indeed been transcribed, and appellant has failed to identify error. Thus, like each of his claims of trial error, none of these contentions warrants relief.

Judgment of sentence affirmed.