447 A.2d 622

**COMMONWEALTH of Pennsylvania**

v.

**John DUNBAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 1981.

Filed May 21, 1982.

Reargument Denied Aug. 2, 1982.

Petition for Allowance of Appeal Granted Oct. 4, 1982.

224

Louis Lipschitz, Philadelphia, for appellant.

Garold Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from the denial of appellant's Post Conviction Hearing Act[1] (hereinafter PCHA) petition alleging the denial of his Pa.R.Crim.P. 1100 rights and the ineffectiveness of trial counsel in failing to file a motion to dismiss. For the following reasons, we reverse the order of the lower court.

Appellant was charged with manufacturing, delivering or possessing a controlled substance with an intent to deliver, and possession of an instrument of crime on August 28, 1974. His trial took place on February 3, 1976, or 524 days later. Rule 1100 mandates that trial should have commenced no more than 180 days after the criminal complaint was filed.[2]

---

1. Act 1966, January 25, P.L. 1580 (1965), 19 P.S. § 1180–1 et seq. repealed 1978, April 28, P.L. 202, No. 53, § 2(a) [1397], eff. June 27, 1980, now implemented by Pa.R.Crim.P. 1501 through 1506.

2. Pa.R.Crim.P. 1100(a)(2): "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall

The mandated 180 day period does not include, however, those periods of time which are excludable,[3] or those which validly result from a petition for extension of time[4] by the Commonwealth.

■ The Commonwealth argues that the Rule 1100 claim should not be cognizable under the Post Conviction Hearing Act. This court and our Supreme Court have clearly enunciated that Rule 1100 claims may be raised in the PCHA court when extraordinary circumstances, such as ineffective assistance of counsel, are alleged. *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979); *Commonwealth v. Juliano*, 282 Pa.Super. 226, 422 A.2d 1088 (1980); and, *Commonwealth v. Webb*, 278 Pa.Super. 599, 420 A.2d 703 (1980). The Rule 1100 issue was, therefore, properly before the lower court, and is properly before us, as appellant alleges that his trial counsel was ineffective in failing to file a motion to dismiss under Rule 1100(f).[5]

commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

3. Pa.R.Crim.P. 1100(d): "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorneys;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

4. Pa.R.Crim.P. 1100(c): "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

5. Pa.R.Crim.P. 1100(f): "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated ... Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

■ In order to preserve a Rule 1100 claim for appellate review, a timely motion to dismiss pursuant to the Rule must be made prior to the first substantial step in the trial. *See, Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). A suppression hearing is not such a substantial step, *Commonwealth v. Byrd*, 493 Pa. 178, 425 A.2d 722 (1981), unless the hearing of the motion was specifically reserved for the time of trial. Pa.R.Crim.P. 1100, Comment. There being no dispute as to the fact that the hearing on the motion herein was reserved for the time of trial, our calculations are based upon the suppression hearing date, or February 2, 1976.

A review of the record reveals several periods of time which are excludable under Rule 1100(d). On January 31, 1975, the case was continued to April 4, 1975, due to the unavailability of appellant's counsel. The case was again continued on April 4th until May 5th for the same reason. These two continuances result in a total of 94 days which are excludable under Rule 1100(d)(1). *Commonwealth v. Warner*, 269 Pa.Super. 1, 409 A.2d 33 (1979). The unavailability of appellant's attorney also resulted in the following excludable periods of time: June 11, 1975 until August 11th (61 days); August 19th until September 23rd (35 days); and, September 23rd until October 30th (37 days). These three periods result in total excludable time thus far of 227 days.

■ The only other potentially excludable periods of time result from appellant's waiver of his Rule 1100 rights. These periods include: December 3, 1974 until December 30th (27 days); May 5, 1975 until June 11th (37 days); and, December 18, 1975 until January 6, 1976 (19 days). The validity of these particular waivers depends upon whether the Commonwealth meets the burden of proving such a valid waiver. *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979). Neither the record before us, nor the Commonwealth's argument, is sufficient to clearly establish the validity of the above waivers.

■ Assuming, arguendo, that even if we did find the waivers to be valid, the total excludable time would be 310 days. Finding no other excludable time, appellant would have been brought to trial within 213 days, which is a clear violation of Rule 1100. In light of this violation, we can find no reasonable basis, on the part of trial counsel, designed to effectuate his client's interests by failing to apply for dismissal of charges. *See, Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Accordingly, the order of the lower court is reversed, and appellant is discharged.