454 A.2d 1067

**COMMONWEALTH of Pennsylvania**

v.

**Miguel RIVERA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 1982.

Filed Dec. 30, 1982.

Peter C. Bowers, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

CIRILLO, Judge:

On November 13, 1974, appellant Miguel Rivera was convicted by a jury of first degree murder, rape and criminal conspiracy. The charges arose out of the rape of Margaret Handerahan and the murder of Kevin Wolf during the early morning hours of June 27, 1973. These sordid crimes became known throughout the Philadelphia area as the "Art Museum Murder." Post-verdict motions were filed and denied by the Honorable James T. McDermott, who then sentenced the appellant to a term of life imprisonment for the murder conviction and to a consecutive period of imprisonment of ten to twenty years for the rape conviction. On direct appeal, the Supreme Court of Pennsylvania affirmed the judgment of sentence. *Commonwealth v. Rivera,* 470 Pa. 131, 367 A.2d 719 (1976).[1]

On October 16, 1976, appellant filed a petition seeking relief pursuant to the provisions of the Post Conviction Hearing Act (hereinafter "PCHA").[2] After a counseled evidentiary hearing, relief was denied. This is an appeal from that order.

Initially, appellant challenges the propriety of the trial court's instruction on voluntary manslaughter. Sec-

---

1. Justice Pomeroy authored the Opinion. Justices Eagen, O'Brien and Nix concurred in the result. Justice Manderino wrote a Dissenting Opinion in which Justice Roberts joined. The general facts of the case, which are not provided in the *Rivera* Opinion, can be found in *Commonwealth v. Santiago,* 476 Pa. 340, 382 A.2d 1200 (1978).

2. Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 Pa.S.A. § 1180–1 *et seq.*

ondly, he contends that the trial court erred in refusing to grant a mistrial after the prosecution read a witness' statement to the jury which referred, in passing, to appellant as a "junkie." Appellant raised these claims on direct appeal, and the Supreme Court found them to be without merit. *Rivera*, 470 Pa. at 138–139, 367 A.2d 719. Therefore, these issues have been finally litigated and are not cognizable in a PCHA proceeding. 19 Pa.S.A. § 1180–3(d); *Commonwealth v. Velasquez*, 488 Pa. 244, 412 A.2d 489 (1980); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972).[3]

Appellant's remaining contentions deal with the alleged ineffectiveness of his trial counsel. First, he asserts that counsel was ineffective for failing to call an alibi witness to testify at the trial. Next, he argues that counsel was ineffective for failing to object when the trial court imposed sentence without affording him his allocution rights and without stating its reasons for the sentence. Third, appellant alleges that counsel was ineffective for not objecting to the trial court's charge regarding accomplice testimony. Finally, appellant contends that counsel was ineffective for failing to file a petition to dismiss charges pursuant to Pa.R.Crim.P. 1100(f).

The standard of review for ineffectiveness of counsel was established in the case of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5, 235 A.2d 349, 352–53 (1967), where the Supreme Court stated:

We cannot emphasize strongly enough, however,

that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had

**3.** Appellant contends that his claims have not been fully and finally litigated because there was no majority opinion in *Rivera*. We disagree. When the decision of the Supreme Court is from an equally divided court, for the purposes of a PCHA, the issues are not fully and finally litigated. *See, Commonwealth v. Holly*, 483 Pa. 371, 396 A.2d 1215 (1979). However, in *Rivera*, Justice Pomeroy wrote the Opinion; three Justices concurred in the result; and two Justices dissented. Therefore, as to the appellant, these issues were fully and finally litigated.

some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (footnote omitted)

Failure to call an alibi witness does not per se constitute ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973); *Commonwealth v. Olivencia*, 265 Pa.Super. 439, 402 A.2d 519 (1979). Ineffectiveness will not be found where there is a reasonable basis for counsel's decision based on a matter of trial strategy. In addition, the failure to call a possible witness will not be equated with a finding of ineffectiveness absent a positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Stokes*, 294 Pa.Super. 529, 440 A.2d 591 (1982).

Appellant contends that trial counsel was ineffective for neglecting to subpoena Nelson Morales whom he alleges could have established an alibi for him on the night of the crime. Morales and a man named "Freddie" had accompanied appellant to the hospital on that night to assist him in obtaining treatment for a knife wound he sustained in a fight with his wife. From the hospital, they went with appellant to the 9th District Police Station at 20th Street and Pennsylvania Avenue. A police officer testified that he saw appellant and two other men leave the police station at approximately 2:45 a.m. Appellant parted company with the others in the vicinity of the Art Museum shortly before the crimes were committed.

Trial counsel testified that he did not call Morales as an alibi witness because he was unable to account for appellant's whereabouts at the time of the crime.[4] More-

---

4. Appellant does not allege that counsel failed to interview the witness or conduct a thorough investigation. In fact, counsel did interview Morales and hired a private investigator to assist in the investigation. *Compare, Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976).

over, Morales' testimony would only have been cumulative to that of the police officer—that appellant left the police station at 2:45 a.m. in the company of two other men. Therefore, counsel cannot be deemed ineffective for not calling Morales as a witness. *See, Commonwealth v. Robinson,* 487 Pa. 541, 410 A.2d 744 (1980); *Commonwealth v. Olivencia, supra. Compare, Commonwealth v. Charleston,* 251 Pa.Super. 311, 380 A.2d 795 (1977). Furthermore, counsel did not want to jeopardize the defense by subjecting Morales to a potentially rigorous cross examination. Under these circumstances, we cannot say that counsel's judgment on this matter was without reasonable basis. *See, Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976); *Owens, supra.*[5]

■ Appellant's next contention is that he is entitled to a new sentencing proceeding because trial counsel failed to object when he was denied his right to allocution, and when the lower court imposed sentence on the rape conviction without stating its reasons on the record.[6] Both of these claims are without merit. Appellant failed to present any testimony or other evidence at the PCHA hearing on what statement he would have made prior to the imposition of sentence and how this would have benefited him. Appellant's failure to do this constitutes abandonment of this claim. *Stokes, supra.* This court is not required to consider claims of ineffective counsel in the abstract. *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981). The PCHA court's finding that appellant failed to present

---

**5.** Appellant makes the same ineffectiveness claim for trial counsel's failure to call "Freddie" as a witness at trial. "Freddie," however, was not produced at the hearing below. Thus, appellant has failed to sustain his burden of proving counsel's ineffectiveness on this issue. *See, Commonwealth v. Robinson,* 496 Pa. 421, 437 A.2d 945 (1981); *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981); *Commonwealth v. Stokes,* 294 Pa.Super. 529, 440 A.2d 591 (1982).

**6.** Appellant does not raise this claim with respect to his first degree murder conviction which was punishable by a mandatory life sentence. Act of June 24, 1939, P.L. 872, § 701; Act of December 1, 1959, P.L. 1621, § 1. 18 Pa.S.A. § 4701, repealed, Act of December 6, 1972, P.L. 1482, No. 334, § 5.

evidence showing that he is entitled to relief is supported by the record. Therefore, the finding of the PCHA court will not be disturbed. *See, Commonwealth v. Lutz,* 492 Pa. 500, 424 A.2d 1302 (1981); *Commonwealth v. Hauser,* 450 Pa. 388, 299 A.2d 218 (1973).

■ Similarly, appellant's contention that counsel was ineffective for not requesting on-the-record reasons for the rape sentence must also fail. While *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), now requires such an on-the-record statement, the law at the time of appellant's sentencing was otherwise. Counsel will not be held ineffective for failing to advance a claim or assert a right unsupported in the law. *Commonwealth v. Frankhouser,* 491 Pa. 171, 420 A.2d 396 (1980); *Commonwealth v. Roach,* 479 Pa. 528, 388 A.2d 1056 (1978). "We cannot impose upon trial counsel the qualities of a seer...." *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977).

■ Appellant's next contention is that counsel was ineffective for failing to object to the trial court's jury charge dealing with the evaluation of the testimony of an accomplice that was presented at trial. We have carefully reviewed the trial court's charge in its entirety and find it to be free from legal error. Therefore, counsel was not ineffective for failing to object to the charge. *See, Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969); *Commonwealth v. Fodero,* 273 Pa.Super. 278, 417 A.2d 648 (1979).

We now turn to appellant's final contention, that trial counsel was ineffective for failing to file a motion to dismiss under Pa.R.Crim.P. 1100(f).

The Commonwealth contends that the appellant had fully waived his Rule 1100 rights in his on-the-record colloquy with the trial judge. Appellant, on the other hand, argues that the waiver of his Rule 1100 rights was only for a specified time, until his trial counsel was available, and as

such was not an absolute waiver of these rights. We agree with the Commonwealth.[7]

 It is well settled in Pennsylvania that counsel will not be deemed ineffective for failing to raise or preserve a meritless claim. *Commonwealth v. Sanford,* 497 Pa. 442, 441 A.2d 1220 (1982); *Commonwealth v. Gratkowski,* 287 Pa.Super. 492, 430 A.2d 998 (1981); *Commonwealth v. Juliano,* 282 Pa.Super. 226, 422 A.2d 1088 (1980); *Commonwealth v. Foley,* 269 Pa.Super. 71, 409 A.2d 68 (1979); *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971). We must confine our examination of counsel's actions to the standards as they existed *at the time of his actions. Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973) (emphasis supplied). Since the standards which existed at the time trial counsel decided not to file a motion under Rule 1100(f) did not limit waivers of Rule 1100 rights to a specific period of time, *Commonwealth v. Coleman, supra,* then we cannot hold counsel ineffective for concluding that any future claims by the appellant under Rule 1100 would be both futile and meritless.

Appellant also urges that the Commonwealth has not met its burden of proving the validity of the waiver. *Commonwealth v. Dunbar,* 301 Pa.Super. 223, 447 A.2d 622 (1982). Since we conclude that the record and arguments of the Commonwealth are sufficient to meet this requirement, we need not address this contention any further.

**7.** At the time the continuance proceedings took place, on March 28, 1974, there was neither any requirement under Rule 1100 nor any case law in Pennsylvania standing for the proposition that a waiver could only be given effect for a limited period of time. *See, Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978); *See also, Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975). Although the Supreme Court has recently established that trial continuances can only be granted for a specified period of time, such a requirement is only afforded *prospective* application. *Commonwealth v. Coleman, supra.*

42

Lastly, appellant contends that he should be afforded relief since he has raised a cognizable claim under PCHA § 1180–3(c)(12).[8]

It is uncontroverted that Rule 1100 claims are cognizable under PCHA. *See e.g., Commonwealth v. Gratkowski, supra; Commonwealth v. Juliano, supra; Commonwealth v. Foley, supra.* However, since we have already concluded that appellant had validly and effectively waived his Rule 1100 rights, such waiver has effectively precluded him from raising a Rule 1100 claim under the Post Conviction Hearing Act. Consequently, appellant is not entitled to any relief under its provisions.

Order affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

Appellant has filed a petition for remand, claiming after-discovered evidence, and the Commonwealth has joined in the petition. With its opinion filed today the majority has filed an order denying the petition for remand, without prejudice to appellant's right to file a second petition for post-conviction relief "containing claims that have not been waived by failure to raise them in his first PCHA petition." I should instead grant the petition for remand, with a provision in the order of remand that should appellant be denied relief on his after-discovered evidence claims, he could on appeal from that denial renew the arguments that he has made on this appeal. *See Commonwealth v. Santiago,* 306 Pa.Super. 176, 452 A.2d 272 (1982) (remanded 11/5/82).

The case should be remanded for further proceedings consistent with this opinion.

**8.** 19 P.S. § 1180–3(c)(12) states, in part, that a person should be afforded relief under the Act if his conviction was the result of "... any abridgement ... of any right guaranteed by the constitution or laws of this state or the constitution or laws of the United States."