497 A.2d 1379

**COMMONWEALTH of Pennsylvania**

v.

**David Lee THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1984.

Filed Sept. 13, 1985.

Petition for Allowance of Appeal Granted March 6, 1986.

212

Judith A. Calkin, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Dauphin County dismissing appellant's Post Conviction Hearing Act (PCHA) petition without an evidentiary hearing. We affirm in part and reverse in part.

On August 7, 1980, a jury found appellant guilty of robbery. Post-verdict motions were filed, denied, and appellant was sentenced to imprisonment for a term of seven and

one-half to fifteen years. On direct appeal appellant's sole contention was that the evidence was insufficient to sustain the verdict. A panel of this Court found appellant's sufficiency argument meritless and affirmed the judgment of sentence per curiam. *Commonwealth v. Thomas*, 303 Pa. Super. 580, 450 A.2d 187 (1982). Appellant's petition for allowance of appeal was denied by the Supreme Court on November 30, 1982. In December of 1982, appellant filed a *pro se* PCHA petition. Counsel was then appointed and filed a supplemental petition in February of 1983. On September 12, 1983, the court below denied the petition without a hearing and this appeal followed.

Appellant contends that an evidentiary hearing should have been held on the allegations contained in his PCHA petition. Those allegations are: (1) he was illegally sentenced because he was denied his right of allocution and that trial counsel was ineffective in both failing to inform him of that right and in not appealing the denial thereof; (2) trial counsel was ineffective in not requesting that the jury be instructed on the various degrees of robbery; and (3) trial counsel was ineffective in failing to request a mistrial after a Commonwealth witness arguably implied that appellant had a prior criminal record.[1]

In pertinent part, the PCHA provides: "the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." 42 Pa.C. S.A. § 9549(b). "While the right to an evidentiary hearing is not absolute, unless the PCHA court is certain of the total lack of merit of an issue raised in a PCHA petition, a hearing should be held on the issue." *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 555, 416 A.2d 1031, 1035–36 (1979). Judged by these standards, we are of the opinion that while one of appellant's claims is indeed patently

---

1. We note that appellant did not waive his claims of ineffective assistance of counsel by virtue of his failure to raise them on direct appeal because trial counsel also represented him at that stage. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

frivolous, the remaining two contentions have possible merit and, therefore, warrant a hearing.

■ We first conclude that appellant's argument that his trial counsel was ineffective in failing to request that the jury be instructed on the lesser degrees of robbery is patently frivolous. Accordingly, we find no error in not conducting an evidentiary hearing regarding this particular issue.

As we recognized on appellant's direct appeal, the primary basis for his conviction of robbery in the first degree [2] was the testimony of Jean Shank who was employed at the Paxtang Daily Market. She testified that while she was operating the cash register, appellant placed his hand in the register drawer and began removing the bills. When Mrs. Shank protested, appellant told her: "Shut up lady. I have a gun, and I want your money." (N.T. at 16). Appellant's defense was alibi. Hence under the evidence presented appellant had to be found guilty of robbery in the first degree or acquitted. "If under the evidence presented in a criminal case the defendant must be found guilty of the offense charged or be entitled to an acquittal, the jury need not be instructed as to lower grades to which the evidence does not relate." *Commonwealth v. Showalter,* 275 Pa.Super. 1, 4, 418 A.2d 580, 582 (1980); *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273. Since the evidence did not support a charge on the lesser degrees of robbery, counsel cannot be found ineffective for failing to request such an instruction. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ With respect to the contention that counsel was ineffective in failing to assert appellant's right to allocution prior to sentencing, we are constrained to reverse and remand for a hearing. The Commonwealth maintains that no hearing was warranted because appellant's PCHA petition did not contain supporting allegations as to how he was prejudiced by a denial of allocution. However, in the recent

2. 18 Pa.C.S.A. § 3701(a)(1)(ii).

*en banc* case of *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985), a majority of the court rejected this exact contention. In *Brown* four judges were of the opinion that allocution is such an important right that where the record confirms the petitioner was not afforded the right to speak prior to sentencing, relief is warranted notwithstanding the absence of any alleged prejudice arising from the denial of that right. In the case at bar, the record reveals that appellant was not invited by the court to speak prior to sentencing. Hence appellant's allocution issue is clearly not frivolous despite his failure to allege any resulting prejudice. Thus the lower court erred in dismissing appellant's PCHA petition without holding a hearing on this issue.

Lastly, appellant argues that he was denied effective assistance of counsel when his attorney failed to object or request a mistrial when a police officer testified on direct examination by the prosecutor that:

> The defendant stated to me that if I could assure him his parole officer would rescind the probation detainer or parole detainer that was holding him in prison, and he could obtain bail, he would give me a statement implicating himself and another individual in this robbery. (N.T. at 74).

Appellant contends that the reference to a parole or probation detainer indicated to the jury that he had a prior criminal record. We cannot say that this contention is patently frivolous. The lower court, however, felt that even if the witness's testimony amounted to an improper reference to a prior criminal record, counsel's failure to object could be deemed harmless error in view of the Commonwealth's overwhelming evidence of guilt. Perhaps so. Nonetheless, the claim does have arguable merit and warrants a hearing on why counsel failed to take any action.[3]

---

3. The Commonwealth, in addition to adopting the lower court's harmless error analysis, speculates that counsel had a reasonable basis for not objecting. The Commonwealth may ultimately be proved correct. However, absent an evidentiary hearing on this issue, we must reserve

In sum, we find that two of the claims advanced by appellant are not patently frivolous. On these two issues, therefore, we will remand for an evidentiary hearing by the PCHA court.

Affirmed in part; reversed and remanded in part. Jurisdiction is relinquished.

CIRILLO, J., files a concurring and dissenting opinion.

CIRILLO, Judge, concurring and dissenting:

I respectfully dissent from the decision to remand for an evidentiary hearing, for in my view there is no arguable merit to appellant's claims.

The majority first grants an evidentiary hearing to permit appellant to litigate counsel's effectiveness in failing to preserve allocution rights. For the reasons stated in my opinion in support of affirmance in *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985) (en banc), I believe that we should not reverse a trial court where a denial of allocution rights is claimed unless the appellant can demonstrate that he has something to say to the sentencing court that is likely to have a favorable impact on the sentence imposed. I continue to adhere to the statement of the law on this issue pronounced in *Commonwealth v. Barton*, 312 Pa.Super. 176, 182–83, 458 A.2d 571, 574–75 (1983):

A bare denial of the right to allocution, without evidence that appellant had something to say, will not require the vacation of an otherwise proper sentence. That which he wished to say, moreover, must be such as would likely have influenced the sentence imposed. To require a vacating of the sentence and a subsequent re-sentencing, appellant will have to show that the sentencing judge was either misinformed or uninformed regarding one or more relevant circumstances. The sentence need not be vacated in order to provide appellant an opportunity to speak if

judgment. *See Commonwealth v. Box*, 305 Pa.Super. 81, 451 A.2d 252 (1982).

he has nothing significant to say. *Commonwealth v. Rivera*, 309 Pa.Super. 33, 39, 454 A.2d 1067, 1070 (1982).

The right to allocution is neither constitutional nor jurisdictional. The failure to ask a defendant if he has anything to say before sentence is imposed is not a fundamental defect inconsistent with rudimentary requirements of due process or an error inherently resulting in a miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962). Thus, as the Supreme Court held in *Hill*, collateral relief is not available when a petitioner shows merely a formal failure to comply with a rule requiring the court to invite a defendant to speak before sentence is imposed.

The right of allocution in Pennsylvania is also based upon procedural rule. See: Pa.R.Crim.P. 1405(a). A mere failure to comply formally with the mandate of Rule 1405(a), which requires the court to invite a defendant to speak, does not destroy the validity of an otherwise legal sentence and render it susceptible to collateral attack. *Hill v. United States, supra.*

Since our Supreme Court has repeatedly held that we are not to consider claims of ineffectiveness of counsel in the abstract, *see Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Anderson*, 501 Pa. 275, 279, 461 A.2d 208 (1983); *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981), I believe we are precluded from addressing an allocution claim raised through the medium of ineffectiveness of counsel unless the claimant points us to those specific *facts* that show his claim to be substantial rather than an empty alegation. *See also* 42 Pa.C.S. § 9545(b) (PCHA petitioner must set forth *facts* in support of his request for relief). In the context of an allocution claim, the facts that are important for us to know are those delineated in *Barton, i.e.,* the specific matters the defendant would have brought to the attention of the sentencing court if given the opportunity. To grant relief for a bare denial of allocution rights, without requiring the appellant to indicate that there was something significant, or indeed anything at all, that he wished to say at sentencing, is to

exalt the form of a mere procedural rule over the substance of a final judgment of sentence. As I stated in my opinion in *Brown,*

> From a practical standpoint [it is] pointless in the extreme to vacate appellant's sentence so that the sentencing court could have the benefit of appellant's as-yet undisclosed allocution.... [A]s a practical matter it is far more reasonable to follow those cases which require a petitioner to state to the PCHA and appellate courts what he would have said at sentencing. Ordinarily, a petitioner has had a considerable amount of time to think between sentencing and appeal. If even after that time he still cannot formulate for the reviewing court what of significance he wished to say at sentencing, it will undoubtedly be a futile, uneconomical, and wasteful judicial exercise, as well as a hollow gesture of relief for the appellant, to remand for resentencing so that he may address the sentencing court. This Court should not so exalt the abstract right to allocution that we lose sight of its procedural purpose in the criminal justice system—that is, to permit a realistic opportunity for the defendant to attempt personally to influence the deliberations of the sentencing judge. As important as the right to allocution is, it is not absolute, and may be waived or abandoned not only at the time of sentencing, but also thereafter if the defendant demonstrates that he really had nothing to say anyway. Appellant has now had ten years to think since he was sentenced. If there is still a serious question whether he actually had anything to say at sentencing, we are certainly not asking too much by demanding that he tell us what it was.

342 Pa.Super. at 274–75 n. 3, 492 A.2d at 758 n. 3 (opinion in support of affirmance).

Appellant Thomas has not had ten years to formulate his allocution presentation; however, it was nearly three years from the entry of the judgment of sentence against him until he filed his PCHA petition. After the passage of so much time, and the appointment of new counsel, Thomas's failure to articulate even in broad and general terms what

he wished to say at sentencing compels the conclusion that his allocution claim is empty of content and devoid of merit. The majority's decision allowing further litigation of this issue under the rubric of ineffectiveness of counsel will itself turn out to be, in all likelihood, an empty gesture and a regrettable waste of judicial resources. As the Commonwealth argues in its brief, "There is simply no legitimate reason why the court should schedule an evidentiary hearing and have Appellant transported across the state only to find that Appellant did not, in fact, have anything—or anything significant—to say." Unfortunately, my sympathy with the Commonwealth's position in this case can only extend so far, for *Brown* decided the precise issue raised here adversely to the Commonwealth, and the Commonwealth then in effect abandoned its position by failing to petition for review in the Supreme Court of Pennsylvania. This relinquishment of the claim occurred despite the fact that the Commonwealth was represented in both cases by the Dauphin County District Attorney, and despite the importance which this Court obviously attached to the *Brown* case, as signified by our sua sponte order directing reargument and the sharp division which the case eventually produced among the members of the en banc Court hearing the appeal. In any event, the *Brown* decision precludes a finding in the Commonwealth's favor in this appeal, and were I not writing in dissent I would consider myself bound to follow *Brown*. Incidentally, the majority's disposition is not procedurally the same as what was done in *Brown*, which was to vacate the judgment of sentence directly and remand for sentencing, thus bypassing the evidentiary hearing on counsel's effectiveness. Nevertheless, I expect that as a practical matter there can be no difference between remanding for resentencing and remanding for a hearing, when the ultimate issue remains the effect if any of appellant's statements on the sentence he must suffer.

On the second ground on which the majority chooses to remand, I would find no merit to appellant's claim that counsel was ineffective for not objecting to the introduction

of a statement that appellant made to a police witness. Appellant's statement to the police officer amounts to nothing more than an extra-judicial admission. An admission, in its most basic form, is a statement or act of a party to a lawsuit, offered against him at trial by a party-opponent. *See generally* McCormick's Handbook of the Law of Evidence, §§ 262–275 (2nd ed. 1972); 4 Wigmore, Evidence §§ 1048–1087 (Chadbourn rev. 1972). Thus, "[a]dmissions of an accused in criminal cases are properly admitted into evidence and may be considered in connection with other facts and circumstances to prove guilt." *Commonwealth v. Meehan*, 198 Pa.Super. 558, 565, 182 A.2d 212, 216 (1962), *rev'd on other grounds*, 409 Pa. 616, 187 A.2d 579 (1963). Merely because the statement contains some reference to a parole or probation detainer should not serve as a basis for removing it from this well-recognized exception to the hearsay rule. I would find appellant's underlying contention to be without merit. "[C]ounsel cannot be found ineffective for failing to pursue a meritless argument." *Commonwealth v. Carter*, 329 Pa.Super. 490, 500, 478 A.2d 1286, 1291 (1984).

In conclusion, I would affirm the order of the PCHA court.