601 A.2d 808

**COMMONWEALTH of Pennsylvania**

v.

**Albert JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1991.

Filed Nov. 25, 1991.

Reargument Denied Feb. 4, 1992.

Ramy I. Djerassi, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence imposing on Appellant Albert Jones a prison term of ten to twenty years for his convictions of robbery, criminal conspiracy, and possession of an instrument of the crime. Appellant's appeal follows an order of the PCRA court which denied his motion for reconsideration of sentence, but granted him leave to file an appeal *nunc pro tunc*.

On April 20, 1985, Appellant and another man entered a Mr. Juice variety store in Philadelphia where the complainant, Gloria Jordan was working as a cashier. Both men wore caps, as well as pillowcases which concealed the lower portions of their faces. Appellant, who had a hand gun, told Ms. Jordan to give him all her money and then jumped over the counter, pointing the gun at Ms. Jordan's head and forcing her to the floor. Appellant took cash and food stamps from the cash register and fled the store with his partner. Later that evening, Ms. Jordan identified Appellant after being shown a police "book" which contained mug shots. Following a jury trial, Appellant was convicted of robbery, conspiracy and possession of an instrument of the crime. Original counsel for Appellant filed post trial motions which were later argued by newly appointed counsel and denied by the court. Appellant was sentenced and his counsel filed a notice of appeal instead of a motion to reconsider sentence, failing to prepare a brief. Following the dismissal of the appeal without prejudice, Appellant filed a *pro se* PCRA petition and received court-appointed counsel. The court permitted Appellant to appeal *nunc pro tunc* on issues preserved on post trial motions, but denied Appellant's PCRA petition for reconsideration of sentence. Appellant was not present at the hearing. Appellant was granted leave to file a direct appeal *nunc pro tunc* regarding the sentencing issue, and this appeal followed.

Appellant raises two issues for consideration. First, he claims that the PCRA court erred in denying his petition to reconsider and modify sentence when he allegedly was denied his right of allocution by the sentencing court. Appellant further asserts that the trial court committed additional error in allowing the jury to hear testimony concerning the complainant's identification of Appellant from a photograph that was in the possession of the police, claiming such testimony to be prejudicial.

■ With regard to Appellant's contention that he was prejudiced by the testimony that the complainant had identified Appellant from a police "book" and thereby denied a fair trial because his presumption of innocence was destroyed, we find the trial court's denial of Appellant's request for a mistrial to be supported by case law. Our state Supreme Court has held that:

> Once ... a police photo file is used that fact can neither be denied nor obviated. It is part of the case and we must accept the fact that there is a possible prejudice. It is here that we must rely upon the common sense of the jurors, their fairness and implacable logic that the mere possession by the police of one's photograph does not prove a prior conviction or the present accusation.

*Commonwealth v. Brown*, 511 Pa. 155, 512 A.2d 596, 599 (1986).

Because there is no *per se* rule against the use of "mug shots" as a method of identification, *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972), the inquiry in cases such as the matter before us is whether the jury could reasonably infer from the facts presented that the accused had engaged in prior criminal conduct, resulting in prejudice to the defendant. *Commonwealth v. Reiss*, 503 Pa. 45, 468 A.2d 451 (1983). Here, the witness' reference to a police "book" does not in and of itself warrant the grant of a new trial as a result of prejudice to Appellant. At no time were the police photographs referred to in a manner (e.g., "mug shots") from which the jury reasonably could have inferred prior criminal activity on the part of Appellant. Detective

Ballantine's statement, "We used the photographs that were available to us ..." does not automatically indicate that Appellant had a prior criminal record. "Possession by the police of one's photo does not ineluctably prove a previous *conviction.* At the most it proves only that the police had a photo of the defendant on file." *Commonwealth v. Brown,* 511 Pa. at 161, 512 A.2d *at* 599. Therefore, the trial court was correct in deducing that no inference of prior criminal activity on Appellant's part had been created, particularly in light of the fact that Appellant failed to demonstrate how such remarks actually prejudiced the outcome of his trial. We hold that Appellant's request for a mistrial was properly denied.

In regard to Appellant's right of allocution, Pennsylvania Rule of Criminal Procedure 1405 provides that a defendant shall, at the time of sentencing, be afforded the opportunity to make a statement in his own behalf, as well as have the sentencing judge state on the record the reasons for the sentence imposed and advise the defendant of his rights to appeal, to file motions and to be represented by counsel. This court has held in the past that:

> A bare denial of the right to allocution, without evidence that appellant had something to say, will not require the vacation of an otherwise proper sentence. That which he wished to say, moreover, must be such as would likely have influenced the sentence imposed ... [t]he sentence need not be vacated in order to provide appellant an opportunity to speak if he has nothing significant to say.

*Commonwealth v. Barton,* 312 Pa.Super. 176, 458 A.2d 571 (1983), *citing Commonwealth v. Rivera,* 309 Pa.Super. 33, 454 A.2d 1067 (1982).

Thus, in the past, collateral relief was denied where a petitioner had shown merely a formal failure to comply with the rule affording a defendant the right to allocution. *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Additionally, a defendant had the burden of demonstrating what other information he would have brought to the court's attention during his sentencing pro-

ceedings. *Commonwealth v. Bell*, 328 Pa.Super. 35, 476 A.2d 439 (1984). Appellant relies on the recent holding of this state's Supreme Court in *Commonwealth v. Thomas*, 520 Pa. 206, 553 A.2d 918 (1989), which upheld this court's disposition of the same matter in *Commonwealth v. Thomas*, 345 Pa.Super. 211, 497 A.2d 1379 (1985). In *Thomas*, the defendant was denied an opportunity to address the sentencing court. This court, overturning the stringent requirements of *Barton* and *Rivera*, held that no demonstration of how the denial of allocution prejudiced the defendant was necessary, and that remand was required to allow the trial court to inform the defendant of his right to speak and to provide the defendant an opportunity to speak. *Id.*, 345 Pa.Superior Ct. at 216, 497 A.2d *at* 1381. Our Supreme court specifically stated in *Thomas*, however, that, "... [t]he ruling in this case shall not be retroactively applied to any case other than the present case." Therefore, *Thomas* has been interpreted by this court as being inapplicable to cases in which sentencing occurred prior to February 1, 1989, the date upon which *Thomas* was decided. *Commonwealth v. Torres*, 396 Pa.Super. 573, 579 A.2d 398 (1990). Because Appellant was sentenced on September 22, 1987, the interpretation of Pa.R.Crim.P. 1405 by the court in *Thomas* is inapplicable to the instant case.

Decisions of this court rendered prior to the date of Appellant's sentencing have stressed, however, the significance of whether the sentencing court has addressed the defendant at all regarding his right to speak, or at least concerning the offense for which he is being sentenced. In *Thomas*, 345 Pa.Super. 211, 215, 497 A.2d 1379, 1381 (1985), this court cited its earlier decision of *Commonwealth v. Brown*, 342 Pa.Super. 249, 492 A.2d 745 (1985), in which it was held, en banc, that the right of allocution is important and not limited to enforcement based upon a defendant having to show how there was prejudice at the time of the sentencing. Therefore, despite the fact that counsel for the defendant in *Brown* had spoken at the sentencing proceeding, a remand was required because of the fact that the

defendant was never asked whether he had a statement to make to the court. *Id.,* 342 Pa.Superior Ct. at 255–256, 492 A.2d *at* 748. Moreover, the court stated that:

> Unlike the requirement of the Opinion in Support of Affirmance that a claimed denial of one's right to allocution is factually deficient and requires supplementation as to what one would have said had he/she been given the opportunity to speak, our Supreme Court created no such condition precedent ... *Id.,* 342 Pa.Superior Ct. at 263, 492 A.2d *at* 752.

In a footnote, the court further opined that requiring a defendant to demonstrate how he has been prejudiced by a denial of his right to allocution is "... ill advised since the effort it takes for a jurist to ask the accused if he has anything to say prior to issuing sentence is minimal when contrasted to the liberty interest being decided." *Id.,* 342 Pa.Superior Ct. at 263–264, 492 A.2d *at* 752, n. 4. The record in the instant matter does not reveal that any inquiry whatsoever was made of Appellant regarding a potential statement he may have had for the court, albeit his counsel was given the opportunity to add comments following the court's reference to the presentence report. (N.T. 9–22–87, 19–28). Therefore, in accordance with our decisions which have adopted the reasoning of the lead opinion in *Brown,* see, for e.g., *Commonwealth v. Thomas,* 345 Pa.Super. 211, 215, 497 A.2d 1379, 1381 (1985); *Commonwealth v. Polk,* 347 Pa.Super. 265, 276, 500 A.2d 825, 830 (1985), we hold that a remand is necessary to afford Appellant the opportunity to exercise his right to allocution.

The order of the trial court, denying a mistrial, is affirmed. The judgment of sentence is vacated, and a remand is ordered, to permit Appellant to exercise his right to allocution during the resentencing proceeding. Jurisdiction relinquished.